

SUMMONS ISSUED

CV 13 5707

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TONY HINTON,

                    Plaintiff,

   – against –

CITY OF NEW YORK, POLICE OFFICERS JOHN DOE
1-10, EACH IN THEIR INDIVIDUAL AND OFFICIAL
CAPACITIES,

                    Defendants.

Civ. Action No.:

**COMPLAINT**

**JURY TRIAL
DEMANDED**

COGAN, J.

Plaintiff Tony Hinton, by his attorneys, Galluzzo and Johnson LLP, for his Complaint against Defendants City of New York and Police Officers John Does 1-10, employed by the New York City Police Department, upon personal knowledge and upon information and belief, alleges as follows:

### NATURE OF THE ACTION

1.    This is an action against the aforementioned police officers, and their employer, the City of New York, for personal injuries and loss of wages among other things, arising out of their assault, battery, false arrest, false imprisonment of him, and their violation of Plaintiff's civil rights.

### PARTIES

2.    Plaintiff Tony Hinton is a natural person who resides in Kings County, New York.

3.    Defendant City of New York is, and was at the time of the incident giving rise to this action, a municipal corporation duly organized under, and existing by virtue of, the laws of the State of New York. At all times relevant to the action, Defendant City of New York

employed the remaining Defendant Police Officers in connection with its control, operation, and maintenance of the New York City Police Department.

4. At all relevant times, herein, Defendant Police Officers John Does 1-10 were police officers employed by the New York City Police Department and were acting in the capacity of agents, servants, and employees of the City of New York.

## JURISDICTION AND VENUE

5. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

6. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331, 1343(a)(3) and (4), and 1367.

7. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

8. Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391(a), (b)(1), b(2) and (c) as a substantial part of the events or omissions giving rise to the claim occurred in the County of Kings which is located in the Eastern District of New York and in that New York City resides for venue purposes within the Eastern District of New York.

## PROCEDURAL REQUIREMENTS

9. Plaintiff has complied with General Municipal Law ("GML") § 50 and all procedural requirements necessary to commence a lawsuit against Defendants, including Defendant City of New York.

10. This is an action for psychological injuries and loss of wages, sustained by Plaintiff arising out of actions perpetrated by Defendants on March 18, 2013.

11. On or about June 13, 2013, within ninety days after the accrual of the instant action, a satisfactory Notice of Claim was filed with Defendant City of New York on behalf of Plaintiff.

12. On September 4, 2013, Plaintiff testified at a hearing pursuant to GML § 50(h) at the request of Defendant City of New York.

13. Defendant City of New York has refused or neglected to make any adjustment or payment on Plaintiff's claims.

14. Plaintiff hereby commences this action within one year and ninety days of the date of accrual of the instant action.

## FACTUAL ALLEGATIONS

15. On March 18, 2013, at approximately 9:00 PM, Plaintiff was an invited guest of the private residents of 954 Greene Avenue in the County and State of Kings (hereinafter the "House").

16. At that approximate time and place, Police Officers John Doe 1-10 came to the House and knocked on the door.

17. An elderly resident of the House answered the door and Police Officers John Doe 1-10 ordered the resident to summon Plaintiff and another resident, Rayvoughn Hampton, to the door.

18. When Plaintiff came to the door, Police Officers John Doe 1-10 summarily placed Plaintiff in handcuffs without any cause or articulable reason and proceeded to search Plaintiff's person without permission or consent.

19. After conducting the search, which yielded no contraband or fruits of any crime whatsoever, and without cause to believe that Plaintiff had committed any arrestable offense, the

officers transported him against his will to the 81st Police Precinct where he remained captive for approximately 18 hours.

20. Meanwhile, the Kings County District Attorney's Office reviewed the arrest and declined to prosecute Plaintiff for any offense.

21. Shortly thereafter, Plaintiff was released from custody and told that no charges would be brought against him after having been wrongly incarcerated for approximately 18 hours.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF CIVIL RIGHTS UNDER 42 U.S.C. 1983

22. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 21, inclusive, as though fully set forth herein.

23. By the aforesaid acts, Defendants have violated Plaintiff's rights to the equal protection of laws under the Fourteenth Amendment, among other violations to the United States Constitution, thereby giving rise to a cause of action pursuant to 42 U.S.C. 1983.

24. The actions of Defendant Police Officers John Does 1-10, and the Defendant City of New York, acting under color of law in falsely imprisoning, detaining, and assaulting Plaintiff, were intentional, malicious, done with a reckless disregard for the natural and probable consequences of their acts, without lawful justification, were designed to and did cause mental, physical and emotional harm and suffering, and deprived the Plaintiff of his Constitutional rights including, but not limited to, his rights under the Fourth and Fourteenth Amendments guaranteeing due process, freedom from unlawful searches and seizures, right to fair trial and equal protection under the law, and Title 42 U.S.C. 1983, et seq.

25. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Does 1-10, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York, and while acting under the color of state law.

26. The actions taken by Defendant Police Officers John Does 1-10 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## FALSE ARREST

27. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 26, inclusive, as though fully set forth herein.

28. On March 18, 2013, Defendant Police Officers John Does 1-10 intentionally arrested and confined Plaintiff without probable cause and without his consent.

29. Defendant Police Officers John Does 1-10 caused injuries to Plaintiff, including psychological injuries.

30. Defendant Police Officers John Does 1-10 took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

31. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Does 1-10, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

32. The aforementioned actions taken by Defendant Police Officers John Does 1-10 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and

malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### FALSE IMPRISONMENT

33. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 32, inclusive, as though fully set forth herein.

34. On March 18-19, 2013, Defendant Police Officers John Does 1-10 intentionally caused Plaintiff to be imprisoned and confined at the 81st Police Precinct, which is operated and controlled by Defendant City of New York.

35. Defendant Police Officers John Does 1-10 did not have probable cause or other justification to imprison and confine Plaintiff.

36. Plaintiff did not consent to the aforementioned imprisonment and confinement.

37. As a result of the imprisonment, Defendant Police Officers John Does 1-10 caused injuries to Plaintiff.

38. Defendant Police Officers John Does 1-10 took the aforementioned actions against Plaintiff during the course, and within the scope, of their employment with Defendant City of New York.

39. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Does 1-10, taken against Plaintiff during the course, and within the scope, of employment with Defendant City of New York.

40. The aforementioned actions taken by Defendant Police Officers John Does 1-10 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and

malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### BATTERY

41. Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 40, inclusive, as though fully set forth herein.

42. On March 18, 2013, Defendant Police Officers John Does 1-10, through their actions, intentionally initiated wrongful physical contact with Plaintiff without his consent.

43. Defendant Police Officers John Does 1-10 handcuffed and restrained Plaintiff without legal justification, causing Plaintiff to sustain injuries.

44. Defendant Police Officers John Does 1-10 took these actions against Plaintiff during the course, and within the scope, of her employment with Defendant City of New York.

45. Defendant City of New York is liable for the acts of its agents/employees, including, but not limited to, Defendant Police Officers John Does 1-10, taken against Plaintiff within the scope of employment with Defendant City of New York under the doctrine of *respondeat superior.*

46. The Actions taken by Defendant Police Officers John Does 1-10 – and thus, by Defendant City of New York – against Plaintiff were willful, wanton, reckless, and malicious, and therefore entitle Plaintiff to punitive damages in an amount to be determined at trial.

[REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK]

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendants, jointly and severally, for damages for the following relief:

a. compensatory damages against Defendant's, jointly and severally, in an amount to be determined at trial, with pre- and post-judgment interest;

b. attorneys' fees and the costs of the instant action, including all costs incurred herein;

c. punitive damages;

d. such other and further relief as the Court deems proper and fair.

Dated: New York, New York
October 17, 2013

GALLUZZO & JOHNSON LLP

_____
Zachary H. Johnson
*Attorneys for Plaintiff Tony Hinton*
Galluzzo & Johnson LLLP
48 Wall Street, 11th Floor
New York, New York 10005
Tel: 212.918.4661